**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4093**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

HENRY LAMONT REID,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. James C. Fox, Senior District Judge. (4:07-cr-00057-F-1)

———————

Submitted: June 23, 2010        Decided: July 9, 2010

———————

Before AGEE, DAVIS, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

R. Clarke Speaks, SPEAKS LAW FIRM, PC, Wilmington, North Carolina, for Appellant. George E.B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry Lamont Reid pled guilty to conspiracy to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846 (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Shortly after entering his plea, Reid filed a pro se motion to withdraw his guilty plea and for appointment of new counsel.

In his motion to withdraw, Reid asserted that he was "pressured" into pleading guilty and led to believe he would receive a sentence of three years based on his cooperation with the Government. Reid further argued that trial counsel inadequately prepared for a suppression hearing and for trial. The district court appointed new counsel, who filed a supplemental brief in support of Reid's motion to withdraw. The Government opposed the motion, arguing that Reid failed to proffer a fair and just reason for withdrawal. After a hearing, the district court denied Reid's motion to withdraw his plea.

The district court sentenced Reid to 262 months for the conspiracy conviction and a mandatory consecutive 60 months for the firearm conviction, for an aggregate sentence of 322 months. Reid timely appealed. On appeal, Reid argues that the district court abused its discretion in denying his motion to withdraw his guilty plea.

2

This court reviews the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). A defendant may withdraw a guilty plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant "does not have an absolute right to withdraw a guilty plea, even before sentencing," and he "bears the burden of demonstrating to the district court's satisfaction that a 'fair and just reason' supports his request to withdraw." United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (citations omitted).

A fair and just reason to withdraw a plea is "one that essentially challenges the fairness of the Rule 11 proceeding." United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995) (internal quotation marks omitted). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted," and a properly conducted Rule 11 proceeding "raises a strong presumption that the plea is final and binding" and "leaves a defendant with a very limited basis upon which to have his plea withdrawn." United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003) (internal quotation marks omitted).

This Court has articulated the following nonexclusive list of factors for consideration by the district court in deciding whether to grant a withdrawal motion:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

Moore, 931 F.2d at 248.

Reid has not presented any evidence or argument that demonstrates that the district court abused its discretion in denying the motion. As to the first Moore factor, we conclude that the district court did not clearly err when it concluded that Reid failed to present credible evidence showing that his plea was not knowing and voluntary. See Moore, 931 F.2d at 250 (clear error standard applies to district court's findings). Indeed, the record before this court reflects that Reid's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offenses to which he was pleading guilty. Reid also attested during the hearing that he fully understood the ramifications of his guilty plea, and that no one made promises

4

to him outside those made by the Government in his plea agreement.

As to the second factor, although Reid now claims that he is legally innocent of the charges underlying his guilty plea, nothing in the record before this court supports this claim. Reid's bald assertion of innocence is insufficient to undermine his guilty plea or undercut the district court's exercise of discretion in denying the motion to withdraw.

The district court found the third factor, promptness of filing in Reid's favor. As to the fourth factor, although Reid claimed that he lacked close assistance of competent counsel, the district court concluded that this argument lacked merit. The district court heard testimony from Reid's trial counsel concerning counsel's contact with Reid leading up to the trial date, counsel's preparation for trial, and counsel's advice to Reid concerning the Government's plea offer. Specifically, trial counsel testified that he was aware of and concerned about the possibility of the Government filing a 21 U.S.C. § 851 (2006) notice in the matter.

Although Reid's motion before the district court argued that he was unaware of the possibility of the Government filing a § 851 notice, trial counsel testified that he relayed his concerns about the notice to Reid. Moreover, counsel testified that although he and Reid discussed the option of

5

entering a guilty plea several times, counsel fully anticipated going to trial. The district court found trial counsel to be credible and concluded that Reid was assisted by competent counsel. Finally, the district court concluded that the fifth and sixth <u>Moore</u> factors, prejudice to the Government and inconvenience to the court, weighed against Reid as well. Thus, the district court denied Reid's motion.

We find that the district court properly evaluated the <u>Moore</u> factors in denying the motion to withdraw. On appeal, Reid presents nothing to contradict the district court's exercise of discretion. Accordingly, we affirm Reid's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>